**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-11314

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

DANNY VARELA,

a.k.a. D.V.,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:06-cr-80171-BB-1

_____

Before LAGOA, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Danny Varela, proceeding *pro se*, appeals the district court's order denying his motion for compassionate release under 18

2                    Opinion of the Court                    25-11314

U.S.C. § 3582(c)(1)(A).  The government, in turn, moves for summary affirmance.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous."  *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1161-62 (5th Cir. 1969).  A motion for summary affirmance postpones the due date for the filing of any remaining brief until we rule on the motion.  11th Cir. R. 31-1(c).

We review *de novo* whether a defendant is eligible for a sentence reduction under § 3582(c)(1)(A).  *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021).  After eligibility is established, we will review the district court's denial of a prisoner's § 3582(c)(1)(A) motion for an abuse of discretion.  *Id.*

District courts lack the inherent authority to modify a defendant's sentence and "may do so only when authorized by a statute or rule."  *United States v. Puentes*, 803 F.3d 597, 606 (11th Cir. 2015).  In 2018, however, Congress enacted the First Step Act, which, in part, amended § 3582(c)(1)(A) to increase the use and transparency of compassionate release of federal prisoners.  *See* First Step Act § 603, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018).  Under the statute, a "court may not modify a term

of imprisonment once it has been imposed" except under certain circumstances. 18 U.S.C. § 3582(c).

In the context of compassionate release, the statute provides that:

> [T]he court, upon . . . motion of the defendant . . . may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that— . . . extraordinary and compelling reasons warrant such a reduction.

*Id.* § 3582(c)(1)(A)(i).

The district court need not conduct the compassionate release analysis in any particular order. *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). A district court may grant compassionate release if: (1) an extraordinary and compelling reason exists; (2) a sentencing reduction would be consistent with U.S.S.G. § 1B1.13 in that the defendant is not a danger to the safety of another person or the community; and (3) the § 3553(a) factors weigh in favor of compassionate release. *Id.* All of these necessary conditions must be satisfied before it can grant a reduction. *Id.* Therefore, the absence of even one condition forecloses a sentence reduction. *Id.* at 1237-38; *see also Giron*, 15 F.4th at 1347 (holding that a district court does not abuse its discretion in denying compassionate release after analyzing only one of the three statutory requirements under § 3582(c)(1)(A)).

The policy statement applicable to § 3582(c)(1)(A) is at § 1B1.13. *See* U.S.S.G. § 1B1.13. Section 1B1.13 states that a defendant's sentence may be reduced, upon motion of the defendant, if extraordinary and compelling reasons warrant the reduction, the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142(g), and the court considers the factors in 18 U.S.C. § 3553(a). *Id.* § 1B1.13(a). In the 2023 version of the Sentencing Guidelines, the Sentencing Commission amended § 1B1.13, renaming the initial section as subsection (a), adding to the new subsection (a) that a motion for reduction in a prison term may be brought by a defendant, and adding subsections (b)-(e). *Compare* U.S.S.G. § 1B1.13 (2018), *with* U.S.S.G. § 1B1.13 (2023). Subsection (b) provides that an extraordinary and compelling reason exists under any of the following circumstances or a combination thereof: the medical circumstances of the defendant, the age of the defendant, the family circumstances of the defendant, if the defendant was the victim of abuse while serving a term of incarceration, or if the defendant received an "unusually long sentence." U.S.S.G. § 1B1.13(b)(1)-(4), (6). Under the "unusually long sentence" provision, in cases where a defendant "received an unusually long sentence and has served at least 10 years of the term of imprisonment," a district court may consider "a change in the law . . . [that would] produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed" in deciding "whether the defendant presents an extraordinary and compelling reason for a sentence reduction," though the change in law must be considered in light of all

"the defendant's individualized circumstances." *Id.* § 1B1.13(b)(6). Section 1B1.13(b) also contains a catch-all provision for "other reasons," which provides that a prisoner may be eligible for a sentence reduction if he "presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described [above], are similar in gravity" to the other examples listed. *Id.* § 1B1.13(b)(5).

Section 3142(g) of Title 18 of the U.S. Code lists several factors for the district court to consider in determining whether a defendant is a danger to another person or the community, including: (1) the nature and circumstances of the offense charged, including whether the offense involved a firearm; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including their criminal history and whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g)(1)-(4).

Relevant § 3553(a) factors include the nature and circumstances of the offense; the defendant's history and characteristics; and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to afford adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a)(1), (a)(2)(A)-(B). Generally, the weight given to each § 3553(a) factor is "committed to the sound discretion of the district court." *United*

*States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022). "A district court need not exhaustively analyze every factor in its order, but it must provide enough analysis that meaningful appellate review of the factors' application can take place." *United States v. Cook*, 998 F.3d 1180, 1184 (11th Cir. 2021) (quotations omitted).

Here, summary affirmance is warranted because the district court, through the magistrate judge's report and recommendation, stated that it had considered the § 3553(a) factors and indicated that it was affording more weight to some factors than others. *Cook*, 998 F.3d at 1184. The magistrate judge explicitly stated that he had considered the § 3553(a) factors, as well as Varela's mitigating factors, namely, his "laudable" rehabilitative efforts, and the district court adopted this report as its final order. The magistrate judge specifically noted the offense conduct, which involved the death of four individuals, as well as Varela's escalating criminal history. 18 U.S.C. § 3553(a)(1), (a)(2)(A). The district court was well within its discretion to decide how much weight to afford the relevant § 3553(a) factors. *Butler*, 39 F.4th at 1355.

Whether Varela actually demonstrated "extraordinary and compelling" reasons for release under § 1B1.13(b)(5) or (b)(6) is immaterial because the district court did not abuse its discretion in finding that the § 3553(a) factors did not warrant early release, and that finding alone was sufficient to preclude relief. *Tinker*, 14 F.4th at 1238; *Giron*, 15 F.4th at 1347.

Accordingly, because the government's position is clearly correct as a matter of law, we GRANT the government's motion for summary affirmance. *Groendyke Transp., Inc.*, 406 F.2d at 1162.